GERMANIA NATIONAL BANK OF MILWAUKEE, Respondent,
vs. MARINER, imp., Appellant.

*October 12—November 7, 1906.*

*Bills and notes: Ambiguity as to signature: Officer of corporation:*
*Statutes construed: Parol evidence.*

A note read: "Four months after date the Northwestern Straw
Works promise to pay," etc., and was signed .
                "The Northwestern Straw Works,
                        "E. R. Stillman, Treas.
        •               "John W. Mariner."
Mariner was the secretary of the corporation, duly authorized
to sign the note on its behalf.  *Held:*
1. The signature of Mariner was not "so placed" on the in-
strument as to make it doubtful in what capacity he intended to
sign, within the meaning of subd. 6, sec. 1675—17, of the Nego-
tiable Instrument Law (ch. 356, Laws of 1899), providing that a
person whose signature is so placed is to be deemed an indorser.
2. It appearing from the instrument itself that Mariner placed
his signature thereon as maker, either individually or in a rep-
resentative capacity, sec. 1677—3 does not apply.
[3. Whether the note itself showed that Mariner signed on be-
half of the corporation and is therefore not personally liable
thereon, under sec. 1675—20, not determined.]
4. If sec. 1675—20 does not apply, the note was ambiguous
upon its face as to Mariner, and parol evidence that he signed
merely in his representative capacity and as agent for the cor-
poration was admissible, even as against a *bona fide* purchaser
of the note for value before its maturity.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge.  *Reversed.*

For the appellant there was a brief by *Van Dyke & Van*
*Dyke,* and oral argument by *G. D. Van Dyke.*

For the respondent there was a brief by *Austin, Fehr &*
*Gehrz,* and oral argument by *W. H. Austin.*

WINSLOW, J.    The plaintiff sued the appellant and the Northwestern Straw Works as makers of the following promissory note:

"Milwaukee, January 6, 1905.

"Four months after date the Northwestern Straw Works promise to pay to the order of F. G. Bigelow ($20,000) Twenty Thousand Dollars at the First National Bank, Milwaukee.    Value received.

"The Northwestern Straw Works,
"E. R. Stillman, Treas.
"John W. Mariner."

The defendants answered jointly, alleging that the note was the note of the Northwestern Straw Works (a corporation) alone, and was signed by *Mr. Mariner* as secretary of the corporation and not in his individual capacity.    The case was tried without a jury, and the evidence showed without dispute that the plaintiff purchased the note from the payee in due course and for value before due; that it represented a loan made to the corporation defendant alone; that the by-laws of the corporation required its notes to be signed by two officers, either the president or treasurer and the secretary; that Mr. Stillman was the treasurer of the corporation and *Mr. Mariner* the secretary; that *Mr. Mariner* signed his name thereto simply for the purpose of making it the note of the corporation and not intending to bind himself, but neglected to add the word "Secretary" to his name; that the plaintiff had no information as to the capacity in which *Mr. Mariner* signed the note further than that afforded by the note itself; and that the defendant corporation went into bankruptcy after the maturity of the note and made a composition with its creditors under which there was paid to the plaintiff on the note $4,020.    There was no proof that the corporation had ever held out to the plaintiff or the public that Mr. Stillman or any single officer had authority to execute notes for it.    Upon these facts the court, upon motion,

ordered the complaint amended so as to charge *Mr. Mariner* as indorser, found him liable as such, and entered judgment against him for the balance due upon the note, from which judgment *Mr. Mariner* appeals.

The question as to the liability of *Mr. Mariner* under the facts stated is certainly not free from difficulty. The general rule is well supported that when it clearly appears, either in the body of the note or by appropriate words added to the signatures themselves, that a corporation is the party making the promise, there is no individual liability on the part of the signers. 1 Randolph, Comm. Paper (2d ed.) § 135. In an early case in this state, however (*Dennison v. Austin,* 15 Wis. 334), this principle was in effect modified, as it is modified in some other jurisdictions, by a proviso to the effect that, if the signers in fact had no authority to bind the corporation, they bind themselves individually. The Negotiable Instrument Law (ch. 356, Laws of 1899) recognizes both the general principle and the proviso, in sec. 1675—20; in these words:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument *if he was duly authorized.*"

As it appears without dispute in the present case that the signers of the note were authorized to execute it on behalf of the corporation the proviso need not be considered. In the present case the body of the note declares that the "Northwestern Straw Works" (presumably a corporation) is the promisor. It does not say "I" or "we" promise to pay, but specifically names a corporation as the promisor. Hence, so far as Mr. Stillman is concerned, the note itself makes it clear that he signed only on behalf of the corporation. Parol evidence would not be admissible to show that he signed as a joint maker. *Liebscher v. Kraus,* 74 Wis. 387, 43 N. W. 166. The same claim is forcibly made as to the signature

of the defendant *Mariner,* and it is not without authority to support it. *Shaver v. Ocean M. Co.* 21 Cal. 45.

We are not inclined, however, to rest the case upon any doubtful proposition. Granting that the section does not apply as to the signature of *Mr. Mariner,* we think it would be conceded that upon its face it is ambiguous so far as *Mr. Mariner* is concerned. The instrument says that the "Northwestern Straw Works" promises to pay. The signature of *Mr. Mariner* is the bare signature of an individual. This is certainly not usual, and should arrest the attention of any one dealing with it at once. People do not ordinarily sign contracts purporting on their face to be contracts of others. If they do, the fact itself suggests at once a doubt as to what they mean by it. In other words, the instrument becomes, as to such signatures, ambiguous. The Negotiable Instrument Law, before referred to, contains several provisions with reference to the construction of negotiable instruments bearing the signatures of persons who have not made their intentions clear, and these must be considered. Subd. 6, sec. 1675—17, provides that, "where a signature *is so placed* on an instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser." ⌐This provision, by its very terms, applies only to a case of doubt arising out of the location of the signature upon the instrument. Names are sometimes placed at the side, on the end, or across the face of the instrument, and thus a doubt arises as to whether the signer intended to be bound as a maker or an indorser, or perhaps as a guarantor, and to solve these doubts the section in question was evidently framed. It was to settle a doubt fairly arising from the ambiguous location of the name, and applies to no other. In the present case there is no doubt of this nature. The signature of *Mr. Mariner* is placed in the usual and proper, in fact the only proper, place for a maker. The doubt arising is not a doubt whether he intended to sign as maker, in-

dorser, or guarantor, for it is clear from the location of the name that he did not intend to sign as indorser or guarantor, but simply a doubt whether he intended to sign in an individual or in a representative capacity as maker.     To say that, where it conclusively appears from the instrument that the signer intended to sign as a maker, the statute is intended to make him an indorser, would be little short of ridiculous. The statute was passed to meet a case where it is doubtful from the instrument whether a man intended to become an indorser, not to make an indorser out of a person who, without doubt, intended to sign as maker, either individually or as representative of another. We have no doubt, therefore, that this section has no application to the present case.

Secs. 1677—3 and 1677—4 (ch. 356, Laws of 1899) are also referred to as having some bearing on the question. Sec. 1677—3 provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."     Sec. 1677—4 provides that "where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as an indorser in accordance with the following rules," etc.     As to the last-named section, it is manifest that it has no application, because *Mr. Mariner* did not place his signature upon the note in blank.     The first-named section is equally inapplicable, because it is certain, from the instrument itself, that he placed his signature thereon as maker, either individually or in a representative capacity; hence the contingency named in the section has not arisen. It seems entirely clear from the language of these two sections, and from the notes thereto, that they were intended to lay down in statutory form the propositions already decided by this court in *Cady v. Shepard,* 12 Wis. 639, and *King v. Ritchie,* 18 Wis. 554, and other cases following them.     There are no other sections of

the Negotiable Instrument Law which can be reasonably claimed to have any material bearing on the question now under consideration, and it must therefore be determined upon general principles of the common law.

It is elementary that, in case a written contract is ambiguous in its terms, parol proof of the facts and circumstances under which it was executed may be introduced to aid in its construction. This rule applies to commercial paper, even in the hands of third persons, because, where the ambiguity is apparent to a reasonably prudent man on the face of the paper, he is necessarily put upon inquiry. Mechem, Agency, § 443; *Hood v. Hallenbeck,* 7 Hun, 362; 10 Cyc. 1051; 4 Thompson, Corp. § 5141. The parol evidence in the present case showed without dispute that *Mr. Mariner's* signature was attached simply in his representative capacity and as agent of the corporation. There being a plain ambiguity in this respect appearing on the face of the note, the evidence was properly received, and the judgment against *Mr. Mariner* individually was erroneously rendered.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.