HUGO HOFFSTAEDTER, Respondent, *v.* CARLTON AUTO SUPPLIES Co., INC., and WILLIAM LEE, Defendants, Impleaded with SAM LICHTENSTEIN, Appellant.

First Department, November 17, 1922.

**Bills and notes — action by payee on joint note signed by corporation and individual — individual was president of corporation — general denial by individual defendant put in issue allegation that note was joint and several and that he was maker — error to reject proof offered by individual defendant of facts and circumstances surrounding execution of note tending to show that it was corporation note solely — error to reject evidence tending to show that individual had had no personal transactions with plaintiff.**

In an action by the payee of a promissory note against a corporation and an individual, who was the president of the corporation, a general denial by the individual defendant puts in issue the allegations of the complaint that the note in suit was the joint and several note of the corporation defendant and the individual defendant, and that the individual defendant was a maker thereof.

Under a general denial a defendant may disprove any fact which the plaintiff is required to prove to establish a *prima facie* cause of action, and, therefore, it was error for the court to reject proof of facts and circumstances attending the execution of the note which would tend to show that the note was the note of the corporation defendant solely and was not that of the individual defendant.

Accordingly, it was error to reject evidence offered to prove that the individual defendant had never had any personal transactions with the plaintiff, for the

excluded testimony might have presented a question of fact as to whether or not the note in suit was the joint and several note of the corporate defendant and the individual defendant.

APPEAL by the defendant, Sam Lichtenstein, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of March, 1922, upon the verdict of a jury rendered by direction of the court.

*Sol. H. Eisler,* for the appellant.

*Pressinger, Newcombe, Cunningham & Wigg [Frank L. Cunningham* of counsel; *Richard S. Newcombe* and *Brent W. Blythe* with him on the brief], for the respondent.

MERRELL, J.:

This action is brought by the plaintiff, Hugo Hoffstaedter, to recover upon a promissory note claimed to have been made by the defendants Carlton Auto Supplies Co., Inc., and Sam Lichtenstein for the sum of $6,393.75, and which note was indorsed by the defendant William Lee. The plaintiff was a dealer in auto tires, and the note was given to secure the payment of a part of the purchase price of a quantity of tires sold by the plaintiff to the defendant Carlton Auto Supplies Co., Inc. The note was in the following form:

" 6393 75/100                                    *October 31st,* 1921.

" On December 3rd, 1921 we promise to pay to the order of Hugo Hoffstaedter Six thousand three hundred ninety three 75/100 Dollars with interest at     per cent per annum at 200 East 64th Street New York City.

" Value received.

               " CARLTON AUTO SUPPLIES CO. INC.

               " SAM LICHTENSTEIN          WM. LEE

" No.—— Due 12/3/21                              *Tres.*"

The note was indorsed by William Lee. The defendant Lichtenstein was the president and the defendant Lee the treasurer of the defendant Carlton Auto Supplies Co., Inc. The corporate defendant did not interpose any answer to the complaint herein, and the defendant William Lee, the indorser of said note, was not served with the summons. The defendant Lichtenstein appeared and answered in the action. His answer consists merely of a general denial of the allegations of plaintiff's complaint.

Upon the trial the plaintiff testified in his own behalf that he was present and saw the execution of the note in suit; that he saw the defendant Lichtenstein sign the same and the defendant Lee indorse the note. Plaintiff testified that he asked Lichtenstein

to sign the note, but did not ask him to indorse it, as his name appeared as a maker of the note, and that he asked Lee to indorse the note upon its back. Having proved the execution of the note by the corporate defendant and the individual defendant Lichtenstein, and its indorsement by Lee, and the amount due thereon, the plaintiff rested.

The defendant offered to prove facts and circumstances attending the execution of the note to show that it was not the individual note of the defendant Lichtenstein, but that it was solely the note of the corporate defendant, and that the defendant Lichtenstein had no personal transactions with the plaintiff whereby he was to be personally bound. This offer was objected to by counsel for the plaintiff, and said objection was sustained by the trial court upon the ground that under a general denial the defendant could not offer such proof. We think the trial court erred in refusing to permit the defendant to give evidence of the circumstances under which the note was made and to show that it was not the individual note of the defendant Lichtenstein, but of the corporation. In his complaint the plaintiff alleged that the note in suit was for value, executed and delivered to the plaintiff by the defendant Carlton Auto Supplies Co., Inc., and the defendant Lichtenstein, and indorsed by the defendant Lee. The answer of the defendant Lichtenstein consisted of a general denial, thus putting in issue the allegation of the plaintiff that the note in suit was the joint and several note of the corporation defendant and the individual defendant Lichtenstein, and was indorsed by the individual defendant Lee. It is elementary that under a general denial a defendant may disprove any fact which the plaintiff is required to prove to establish a *prima facie* cause of action. We think that defendant's general denial put in issue plaintiff's allegation that the note in suit was joint and several and that the defendant Lichtenstein was a maker thereof. The evidence offered by the defendant was competent to repel a presumption that the note was the individual obligation of the defendant Lichtenstein. (*Farmers' Loan & Trust Co.* v. *Siefke,* 144 N. Y. 359.) The defendant also attempted to introduce in evidence three checks given by the corporate defendant to the plaintiff in the course of business. Their reception in evidence was objected to and plaintiff's objection sustained, to which the defendant excepted. On cross-examination of the plaintiff the defendant sought to examine the plaintiff with reference to receiving certain checks of the corporation at the time the note was given, which checks, marked for identification, showed that they were the checks of the corporate defendant and not those of the individual defendant Lichtenstein. Counsel

for the defense also inquired of the plaintiff as to whether he had any personal account with the defendant Lichtenstein and as to whether he had sold him tires or whether he personally owed the plaintiff money.    To all of these inquiries counsel for the plaintiff objected and the objections were sustained and defendant excepted. We think the defendant was entitled to the benefit of the evidence offered, and that the court erred in refusing to receive the same. The excluded  testimony  might  have  presented  a  question  of fact as to whether or not the note in suit was the joint and several note of the corporate defendant and the defendant Lichtenstein individually, which would be for the jury to determine.

The defendant offered no further defense upon the trial of the action, and the court directed judgment in favor of the plaintiff and against the defendant for $6,152.39.

Because of such error of the trial court in refusing to receive testimony offered by the defendant of the facts and circumstances attending the execution of the note in suit to show that it was not the individual note of the defendant Lichtenstein and that the said individual defendant had no personal transactions with the plaintiff whereby he became personally bound, and which proof might have overcome the presumption that the note in suit was a joint and several note upon which the individual defendant was liable, we feel constrained to reverse the judgment entered upon the verdict directed upon the trial and to grant a new trial of the issues, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.