**CANTON PROVISION COMPANY, Plaintiff-Appellant, v.
JACK CHANEY, D. B. A. FINER FOODS, Defendant-Appellee.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 464.   Decided September 18, 1945.

Lyle F. Merritt, Geneva, for Plaintiff-Appellant.
Howard M. Nazor, Ashtabula, for Defendant-Appellee.

## OPINION

By PHILLIPS, J.

Jack Chaney executed and delivered to plaintiff, a corporation, two checks payable to its order, drawn on the Geneva Savings and Trust Company, Geneva, Ohio, dated May 19th and 26th, 1942, respectively, and signed:

"Finer Foods
Jack Chaney."

The bank refused to pay the checks upon presentation. Subsequently Jack Chaney made three payments to plaintiff on the check dated May 19, 1942, but no payments on the check dated May 26, 1942.

Thereafter plaintiff sued Jack Chaney in the Court of a justice of the peace in Geneva Township, Ashtabula County, for the balance due on the check dated May 19th and the total amount due on the check dated May 26th apparently on the theory that his signature thereon without designation of his representative capacity bound him individually; and by consideration of that court obtained "judgment in favor of plaintiff and against defendant" for the amount prayed and interest accrued.

Jack Chaney, defendant in the court of the justice of the peace, appealed from the judgment of that court to the Court of Common Pleas of Ashtabula County.

Thereafter plaintiff filed a petition in the court of common pleas captioned "Canton Provision Company, an Ohio Corporation, Canton, Ohio, vc. Jack Chaney, d. b. a. Finer Foods, Geneva, Ohio," and entitled "Appeal from the Court of L. E. Evans, Justice of the Peace, in and for Geneva Township in said County." In that petition it alleged, among other things, that Jack Chaney made three payments to plaintiff on the check dated May 19, 1942.

In his amended answer to plaintiff's petition filed in the Court of Common Pleas defendant denied that he was "indebted to plaintiff on the checks set forth in plaintiff's" first and second causes of action; that "he ever was in business in Geneva under the name of Jack Chaney, d. b. a. Finer Foods, Geneva, Ohio"; and alleged "that at the time of giving of the check(s) set forth in plaintiff's" first and second causes of action of its petition respectively "the defendant was the agent and employee of one Otto Silverman the owner of a grocery store in Geneva, Ohio, known as 'Finer Foods', and that the defendant signed" such checks "as agent for and on behalf of his said principal, Otto Silverman, and that he was duly authorized by his said principal to sign the same"; that "there was no consideration passing between the plaintiff and the defendant at the time of the giving of" such checks, and that when they were given "to the plaintiff by this defendant, the plaintiff had full knowledge that the defendant was not the owner of the store known as Finer Foods but was the agent and employee of the owner of said store"; but did not deny the installment payments made by Jack Chaney upon the check dated May 19, 1942.

Plaintiff demurred to the amended "answer of the defendant" on the ground that "the new matters set forth therein are insufficient in law to constitute a defense."

On hearing "upon plaintiff's demurrer to defendant's amended answer heretofore filed herein" the judge of the court of common pleas overruled the demurrer, and subsequently the following entry was spread upon the journal of that court:—

"The plaintiff not desiring to plead further after its demurrer to the defendant's answer was overruled, this cause was assigned for trial and came on for trial, and the Plaintiff desiring to offer no evidence, and this cause being heard upon the pleadings filed in the case, and the motion of the Defendant for judgment thereon, the court finds that said Defendant is entitled to a judgment upon the statements in the pleadings and the same is hereby granted, and the Defendant may go hence without day and recover from the Plaintiff his costs herein expended."

Plaintiff appealed from the judgment of the court of common pleas to this court on questions of law, and urges that the question presented is as follows:—

"If the defendant signed two promissory notes 'Finer Foods—Jack Chaney' or issued and accepted two Bills of Exchange signed the same way could he evade personal liability on these instruments by claiming that he was not in fact the owner of the store known as 'Finer Foods' and that he really signed these instruments as agent in employ of one Otto Silverman, that no consideration passed between the Plaintiff and Defendant at the time of giving the check and that when said check was given by said Defendant to said Plaintiff the Plaintiff had full knowledge that the Defendant was not the owner of the store known as 'Finer Foods' but was the agent employee of the owner of such store?" (Sic)

Appellee urges that:—

"There is in reality but one question for the Court of Appeals to decide in this case and that is whether or not the Court erred in overruling the plaintiff's demurrer to the defendant's amended answer. However, this question should be broken down into two parts and both parts be given consid-

eration in determining whether or not the Court was wrong in overruling the demurrer:

"(1) Can parol evidence be admitted to enable the defendant to explain the capacity in which he signed the checks?

"(2) In view of the defense set up in the defendant's amended answer alleging want of consideration, could the court do otherwise than overrule the demurrer?"

Plaintiff's demurrer admits the truth of all well pleaded allegations of the defendant's amended answer. See **State ex rel. King, Prosecuting Attorney, v Sherman, County Auditor, 104 Oh St 317.**

In determining what facts are admitted as true by plaintiff's demurrer we must look to the well pleaded allegations of the defendant's amended answer, which are set forth herein. A perusal of those allegations reveals the following facts: that in the court of common pleas Jack Chaney was sued as "Jack Chaney, d. b. a. Finer Foods"; that he "never was in business in Geneva under the name of 'Finer Foods' "; that at the time the checks in question were issued and delivered Jack Chaney "was an agent and employee of one Otto Silverman, the owner of a grocery store in Geneva, Ohio, known as 'Finer Foods' "; that defendant admitted he signed the checks,

> "Finer Foods
> Jack Chaney";

that when he signed the checks he was acting as agent for the owner of the store, "to-wit Otto Silverman"; that at that time he was duly authorized by his employer, Otto Silverman, to sign such checks for and on his behalf; that there was no consideration passing between plaintiff and Jack Chaney for the execution and delivery of the checks; that at that time plaintiff had full knowledge that Jack Chaney was the agent and servant of Otto Silverman and worked "in the store of Otto Silverman known as 'Finer Foods' "; and was not acting for and on behalf of himself; that plaintiff at such time knew that Otto Silverman was the owner of the store known as "Finer Foods." There is nothing before us indicating that the checks were ever negotiated or that at the time of trial they were not held by plaintiff.

Answering the question plaintiff's counsel claims is presented it appears that before the adoption of the Negotiable

Instrument Act in Ohio parol evidence was not admissible to explain the capacity in which a check was signed where the signatory failed to sufficiently designate the capacity in which he signed the check.

In his brief counsel for plaintiff cited a long list of cases decided prior to the adoption of the Negotiable Instrument Act in Ohio to support his contention. None of those cases presented a situation where the instrument in question was a check or contained an ambiguity on its face relative to the liability of the agent.

First, it seems to us that we must determine whether §8125 GC has any application here. That section of the General Code provides:—

"When the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized. But the mere addition of words describing him as an agent, or as filling a representatve character without disclosing his principal does not exempt him from personal liability."

We are impressed with the reasoning of the court in the case of **Hinz v Freeman, 14 O O 217,** 33 N. E. (2d), 4 Ohio Supplement 27, (in which case the check drawn to the order of the plaintiff was signed in the identical manner in which the check in the instant case was signed) that:

"The primary purpose sought to be accomplished by the insertion of this section was the protection of an officer of a corporation who signed on behalf of the company, yet was held personally liable even though his capacity was designated, for the reason that such suffix was considered as mere 'descriptio personae'. This section has been construed as prohibiting parol evidence to explain the character of the person's signature. But, however, this section of the N. I. L. is sought to be interpreted or distorted, the fact remains that it does not, by its language, exclude parol evidence, nor was it primarily intended to accomplish this result by its enactment."

Apparently §8125 **GC,** was enacted to remedy the harsh

common law rule which resolved all ambiguities in favor of individual liability of the agent.

That court held that:

"In payee's action on a check, which was signed by an officer of a corporation beneath the name of the corporation and without designating capacity in which he intended to sign, parol evidence was admissible to explain the capacity in which the officer signed. §8125 GC, 14 OO 217, syl 3, supra.

There are no authorities precisely in point to answer the question presented. On the contrary, there is a split of authority which can be reconciled only on the ground that "some courts regard this form of signature as being ambiguous and therefore justify parol evidence to explain the ambiguity, while other courts say there is no ambiguity and parol evidence is inadmissible." See Notes on Recent Cases prepared by students in Western Reserve Law School, 20 OO 286 at 287.

"The courts have generally held" and we held "as did the court in the" case of Hinz v. Freeman, supra, "that Section 20 was not intended to exclude all parol evidence. American Trust Co. v. Canevin, 184 Fed. 657 (1911); New England Electric Co. v. Shook, 27 Colo App. 30, 145 Pac. 1002 (1915); Taylor v. Fluharty, 35 Idaho 705, 208 Pac. 866 (1922); Riordau & Co. v. Thornsbury, 178 Ky. App. 324, 198 S. W. 920 (1917); Myers v. Chesley, 190 Mo. App. 371, 177 S. W. 326 (1915); Phelps v. Weber, 84 N. J. L. 630, 87 Atl. 469 (1913); Germania National Bank v. Mariner, 129 Wis. 544, 109 N. W. 574 (1906)." See Notes on Recent Cases prepared by students in Western Reserve Law School, supra.

Like the judge of the municipal court in the case of Hinz v. Freeman, supra, we believe that by virtue of the admissions by plaintiff by demurrer to defendant's amended answer "the basic question in the instant case is a factual one"; that the next question presented is whether the checks "contained an ambiguous signature so as between the original parties the payee should be reasonbaly apprised that the checks might be" the checks of the owner of the store "Finer Foods" and not Jack Chaney.

"Numerous cases involving this issue have arisen, but the facts of each, upon examination, prove to be distinguishable from the present case. Many situations refer to a promissory note wherein the language contained reads 'We promise to pay'. or 'We or either of us promise to pay.' In First National Bank v. J. H. Snyder Mfg. Co., 1928, 175 Ark. 1134, 1 S. W. (2d) 817; Coal River Collieries v. Eureka Coal & Wood Co., 1926, 144 Va. 263, 132 S. E. 337, 46 A. L. R. 485; Toon v. McCaw, 1913, 74 Wash. 335, 133 P. 469; L. R. A. 1915 A, 590; Wurlitzer Co. v. Rossmann, 1916, 196 Mo. Ap. 78; 190 S. W. 636; Kraushaar v. Lloyd, 1934, 152 Misc. 269, 273 N. Y. S. 231, it has been held that parole [sic] evidence is inadmissible for the reason that the language of the instrument imports a joint liability—hence, no ambiguity exists in a signature of both the corporation and its officer.

"However, in Belmont Dairy Co. v. Thrasher 1914, 124 Md. 320, 92 A. 766, a promissory note was involved which read 'We promise * * *' but it was signed by a rubber stamp name of the company and an officer who failed to designate his capacity. The court there held that oral evidence was admissible to prove that the officer signed in a representative capacity only.

"In Hoffstaedter v. Lichtenstein, 1922, 203 App. Div. 494, 196 N. Y. S. 577, 578, the note read:

" 'We promise * * *'

" '(Signed) Carlton Auto Supplies Co., Inc.

'Sam Lichtenstein.

'Wm. Lee, Treas.'

"The court herein admitted parole testimony of the capacity in which Lichtenstein affixed his signature.

"In Germania Nat. Bank of Milwaukee v. Mariner, 129 Wis. 544, 109 N. W. 574, the liability arose out of a promissory note wherein the name of the corporation appeared in the body of the note as promissor. Consequently, parole evidence was admitted to demonstrate that an officer who signed without adding words indicating his capacity, did, nevertheless, sign only as an officer. Clearly in this situation, where the name of the company appears as a promissory, an ambiguity exists sufficient to warrant the introduction of parole testimony. Because of the factual differences it is difficult to predicate a general rule upon the authorities cited with respect to the questions here involved. At most, it can be said that if the instrument is executed in a form customarily employed in business for the creation of joint liabilities, then parole [sic]

evidence will not be admitted to prevent liability from attaching to one of the parties.

"In the present case, the instrument sued upon is a check, as distinguished from a promissory note found in most of the above cases. Certainly it is not usual business practice for one to receive a check jointly made. Ordinarily a check is either the liability of the company or the liability of an officer, it can rarely be both. Since in the present case, the officer's signature is likewise, properly attached thereto as a maker, parole [sic] evidence should be admitted to explain the capacity in which the officer signed. The case of Austin Nichols & Company, Inc., v. Gross, 98 Conn. 782, 120 A. 596, is precisely in point. There the president of a corporation signed a company check without indicating his capacity. The name of the company appears only printed across the left end of the check, yet the court held there existed sufficient ambiguity to warrant the admission of parole [sic] testimony." Hinz v. Freeman, supra.

Counsel cited no case where the supreme court of Ohio has passed upon the admission of parol evidence under §8125 GC upon facts identical with those presented in the case at bar. However, in the case of **Spangler v Citizens National Bank, et al, 47 Oh Ap 123**, the court of Appeals of Muskingum County permitted the admission of parol evidence to show that the maker of a note signing merely as "agent" would not be individually liable to payee knowing that agent signed in representative capacity. See syllabi 4 and 5.

Without further discussion we reach the conclusion, in our opinion supported by the weight of authority that the checks in question contained an ambiguous signature so that as between the original parties the plaintiff should be reasonably apprised that the checks might be the checks of the owner of the store "Finer Foods", and that parol evidence is admissible in the instant case to show in what capacity Jack Chaney signed the checks.

This conclusion compels consideration of the second subdivision of the question presented by counsel for Jack Chaney that plaintiff had knowledge that Jack Chaney signed the checks involved in a representative capacity.

As stated hereinbefore in this opinion Jack Chaney in his amended answer alleged want of consideration in giving of the checks in question, which were well pleaded allegations of that pleading and admitted by plaintiff in its demurrer as true. In this case these allegations constituted valid defenses.

"**Effect of Want of Consideration.** Absence or failure of consideration is matter of defense as against any person not a holder in due course and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." §8133 GC.

As the result of careful consideration of the questions presented a majority of the court reaches the conclusion that the judgment of the lower court must be and hereby is affirmed.

Judgment affirmed.

NICHOLS, PJ, dissents.
Carter, J, concurs in judgment.