Argued May 11; affirmed June 2, 1948

## MURPHY ET AL. *v.* REIMANN FURNITURE MANUFACTURING CO.

193 P. (2d) 1000

*William H. Trindle,* of Salem, argued the cause and filed a brief for respondents.

*George A. Rhoten,* of Salem, argued the cause for appellants. On the brief were Rhoten & Rhoten, of Salem.

Before ROSSMAN, Chief Justice, and BELT, KELLY, BAILEY and BRAND, Justices.

BELT, J.

This is an action to recover the amount due on the following promissory note, which was sold and assigned by West Coast Lumber & Supply Co. to plaintiffs after maturity:

"$1759.09          Salem Ore.   December 20, 1946
FOR VALUE RECEIVED We promise to pay to the order of WEST COAST LUMBER & SUPPLY CO. at Portland, Oregon, One Thousand Seven Hundred Fifty Nine and .09/100 DOLLARS, in United States Legal Tender, payable as follows: 500.00 Dollars on or before the 20th day of Jan. 1947, and 500.00 Dollars on or before the 20th day of each and every month thereafter until the said principal sum of 1759.09 Dollars is fully paid.   Said principal sum of $1759.09 is to draw interest from date at the rate of 6 per cent. per annum, payable monthly annually in U. S. Legal Tender.   Should default be made in the payment of any installment of principal or interest, as above provided, then the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note; and should suit or action be instituted to collect this note or any portion thereof, then we promise to pay such additional sum as the Court may adjudge reasonable as attorney's fees in said suit or action.

REIMANN FURNITURE MFG. CO.<br>Rich L. Reimann<br>L. D. Reimann"

The complaint is in the usual form of an action of this kind.   Reimann Furniture Manufacturing Company, a corporation, was served but made no appearance, and a judgment by default was entered against it for the amount due on the note.   Defendants Rich L. Reimann and L. D. Reimann, who are president and secretary-treasurer of the corporation, joined in an

answer admitting the execution of the note and alleged, as an affirmative defense, that the note was executed solely to cover an indebtedness from the corporation to West Coast Lumber & Supply Co., and that they signed the instrument in a representative capacity for and on behalf of the defendant corporation and not with any intention of assuming any personal liability. Defendants Reimann further allege that they were authorized to execute and deliver to West Coast Lumber & Supply Co. the promissory note in question. The court sustained a general demurrer to the affirmative defense, as alleged by the defendants Reimann, and, upon their refusal further to plead, entered a judgment against them as prayed for in the complaint. From this judgment the defendants Reimann appeal.

■ The demurrer presents the legal question as to whether parol evidence is admissible to show that Rich Reimann and L. D. Reimann signed this note solely on behalf of the Reimann Furniture Manufacturing Company and that there was no intention on their part to assume any individual liability on account thereof. Whether parol evidence is admissible depends upon whether any ambiguity appears upon the face of the note. If the note is plain and unambiguous, it is fundamental that no parol evidence is admissible to alter or vary the terms of the contract.

■ It is observed in the instant case that the name of the corporation does not appear in the body of the note promising to pay and that there is no official designation after the name of either individual. There is nothing appearing upon the face of the note to manifest any intention of the defendants, or either of them, to execute the note in a representative capacity. If it appeared in the body of the note that only the

corporation had promised to pay, a different question would be presented. Assuming the truth of the allegations of the affirmative defense, it may be considered harsh to hold the defendants Reimann liable as individuals; but if the rule were otherwise, it would destroy the stability of promissory notes. The court can not reasonably be expected to make a new contract for the parties.

Section 69-120, O. C. L. A. (Section 20 of Uniform Negotiable Instruments Law) provides:

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument, if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal, does not exempt him from personal liability."

The authorities are greatly in conflict as to the effect of this Act on the common law applicable to the question under consideration (Brannan's Negotiable Instruments Law, 6th ed.), but we think—although the question is new in this jurisdiction—that there is no marked diversity of opinion relative to the liability of a signer of a note of this kind who fails to indicate that he has signed "for or on behalf of a principal, or in a representative capacity," even though authorized so to do. *Herman v. Metropolitan Petroleum Company*, 253 Ill. App. 536; *Sparks v. Dispatch Transfer Company*, 104 Mo. 531, 15 S. W. 417, 24 Am. St. Rep. 351, 12 L. R. A. 714; *Coal River Collieries v. Eureka Coal and Wood Company*, 144 Va. 263, 132 S. E. 337, 46 A. L. R. 485; *Farmers' State Bank of Newport v. Lamon*, 132 Wash. 369, 231 P. 952, 42 A. L. R. 1072 and note, also see

note 113 A. L. R. 1384; *Toon v. McCaw,* 74 Wash. 335, 133 P. 469, L. R. A. 1915 A 590. In 7 Fletcher, Cyclopedia of the Law of Private Corporations (Permanent ed.) § 3039, it is stated:

> "Under the Negotiable Instruments Law, if an individual places his name on a corporate note along with the name of the corporation, but without any official designation to his name * * * he is liable individually * * *."

*Toon v. McCaw,* supra, is squarely in point and is adverse to the contention of the appellants herein. The note in question is signed "Aberdeen Tug Boat Co., Thos. Willikson, Cash Manley, Swen Johnson." Aberdeen Tug Boat Co. was a corporation. It was contended that these individuals signed the note only in a representative capacity and that it was understood by all the parties thereto to be the note of the corporation. The language of this note, as the one involved herein, is, "we promise to pay * * *." It was urged there, as here, that the corporation, being an artificial creature, could not have written its own name. The court refused to consider this contention because the corporation itself was not litigating the question of its liability. The court affirmed the decision of the trial court in sustaining a general demurrer to the affirmative answer. The court quoted with approval from 2 Thompson, Corporations (2nd ed.) page 986, wherein the author said:

> "The general rule is that where an officer or agent executes a negotiable instrument in behalf of the corporation, but neither in the body of the note nor in his signature is the manner or capacity in which he acts shown, then he is personally liable." And continuing, the court said: "Any other rule would destroy the stability of written contracts. There is no language in the note which raises even

a slight ambiguity or creates any doubt as to the meaning of the instrument, or that remotely suggests that the makers were acting for another."

Also to the same effect as *Toon v. McCaw,* supra, see *Way v. Lyric Theater Co.,* 79 Wash. 275, 140 P. 320, wherein the note was signed:

"Lyric Theater Company.
"Bert Muma.
"Theodore Peterson.
"James Anderson.
"G. H. Mueller."

Judgment against each of the defendants was affirmed.

Defendants rely upon two cases—*Germania National Bank of Milwaukee v. Mariner,* 129 Wis. 544, 109 N. W. 574, and *Hoffstaedter v. Lichtenstein,* 203 App. Div. 494, 196 N. Y. Supp. 577. In the Mariner case, the Northwestern Straw Works, a corporation, expressly promised, in the body of the note, to pay. The note was signed:

"The Northwestern Straw Works,
"E. R. Stillman, Treas.
"John W. Mariner."

The court, in holding that Mariner was not individually liable, emphasized the fact that it was the corporation that promised to pay and that the note did not say "I" or "we" promise to pay but specifically named the corporation as the promisor. The corporation having thus appeared in the body of the note, it followed that it was an ambiguity so far as the signature of Mariner was concerned. It was held that since the written contract was ambiguous in its terms, parol proof of the facts and circumstances under which it was executed may be introduced to aid in its construction. See *Coal River Collieries v. Eureka Coal and Wood Co.,* supra, wherein the Mariner case is considered and the dis-

tinction was made to which attention has been directed. In *Hoffstaedter v. Lichtenstein,* supra, the note is signed:

"Carlton Auto Supplies Co., Inc.
"Sam Lichtenstein.
"Wm. Lee, Treas."

Lichtenstein was president of the corporation. The court held that the name of Lichtenstein appearing between the name of the corporation and that of William Lee, who signed as treasurer of the corporation, constituted an ambiguity since the name did not appear in the place where the person who was signing as maker would normally sign but at the place where an officer of the corporation would usually sign. Parol evidence was therefore admitted to show the capacity in which Lichtenstein signed.

In this case it appears from the note itself that the defendants Reimann signed in an individual capacity. Since there is no ambiguity about their signatures, it follows that parol evidence was inadmissible to show that they signed only for and on behalf of the corporation. If this promissory note, purporting on its face to bind not only the corporation but also the defendants Reimann, was executed through the mutual mistake of the parties and that it was their real intention— including the payee, West Coast Lumber & Supply Co. —to bind only the corporation, equity is the proper forum for reformation of the contract. If the contract is unambiguous, a court of law must give force and effect to its terms as expressed by the parties thereto and can not receive parol evidence to show that the parties entered into a different kind of a contract.

The circuit court properly sustained a demurrer to the affirmative answer of the defendants.

Judgment is affirmed.