Argued and submitted June 5, affirmed August 4, 1980

# JENKS-WHITE SEED CO., INC.
*Appellant,*
*v.*
## RIDDELL,
*Respondent.*

(No. 25759, CA 15978)

614 P2d 1221

J. Ray Rhoten, Salem, argued the cause for appellant. With him on the briefs was Rhoten, Rhoten & Speerstra and David R. Kluge, Salem.

Joseph E. Penna, Monmouth, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff's complaint alleged that defendant Green Valley Seeds, Inc. and David Riddell were liable for the outstanding balance due on the purchase of seed. Green Valley Seeds, Inc. had been adjudged bankrupt and plaintiff obtained a default judgment against that corporation for the full balance due. After a trial to the court, judgment was entered against David Riddell personally for the debt. Defendant Riddell moved for a new trial on the ground that the court had erroneously excluded parol evidence respecting whether Riddell had signed the various documents in his representative or individual capacity. The motion was granted and plaintiff appeals. ORS 19.010(2)(d). We affirm.

Riddell is a stockholder and president of Green Valley Seeds, Inc. James Jenks is president of plaintiff. In January, 1978, a broker placed an order for seeds with plaintiff on behalf of Green Valley. Upon receipt of the broker's order plaintiff sent a document to Green Valley confirming the order. The document was a printed form of confirmation. It contained the terms of the sale and stated "SOLD TO GREEN VALLEY SEEDS, INC." At the bottom of the form was a line denominated *"Accepted" "Buyer."* David Riddell signed on that line. Another line titled *"JENKS-WHITE SEED CO.," "Seller"* was signed by James Jenks. Green Valley sent a document to plaintiff entitled "PURCHASE CONTRACT" containing the terms of the sale on a printed form headed by the name and logo of Green Valley Seeds, Inc. This form was signed by Riddell on a line titled "BUYER." He signed immediately under the printed name "GREEN VALLEY SEEDS, INC." but without any designation that he signed in a representative capacity. James Jenks signed on a line containing the legend "ACCEPTED BY: Jenks-White Seed Co., Seller." Again there was no designation he signed in a representative capacity. Green Valley then sent a printed form of delivery instructions to plaintiff. That document

was signed by Cristy Riddell, who is the secretary of Green Valley. She signed on a line under the printed name "Green Valley Seeds, Inc.", the line being proceeded by the word "by."

Plaintiff argues that the confirmation sent by plaintiff to Green Valley and signed by Riddell is a complete agreement and parol evidence is not admissible to contradict the terms of the agreement by explaining in what capacity Riddell signed. Plaintiff cites *Murphy v. Reimann Furn. Mfg. Co.,* 183 Or 474, 193 P2d 1000 (1948), and ORS 73.4030(2) as authority for its position.

*Murphy* dealt with whether parol evidence was admissible to establish that the signers of a negotiable promissory note signed as representatives of a corporation. The court held the note was unambiguous on its face and extrinsic evidence as to the intent of the signers was not admissible.

■ *Murphy* was decided prior to the enactment of ORS 73.4030 as part of the Uniform Commercial Code—Commercial Paper. That section reads:

"* * * * *

"(2) An authorized representative who signs his own name to an instrument:

"* * * * *

"(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity * * *."

The plaintiff in *Murphy* purchased the note from the original promisee and was not an immediate party to the instrument. Under ORS 73.4030(2)(b) a person who signs a negotiable instrument without disclosing his representative capacity is personally liable "except as otherwise established between the immediate parties." Thus parol evidence would be admissible to establish the intent as between the immediate parties regarding the personal liability of the signer of a

[576]

negotiable instrument. The rule as stated in *Murphy* is altered by ORS 73.4030 as it respects the original promisor and promisee.

ORS 73.4030 relates to the liability of a signer of an instrument which is defined in ORS 73.1020(1)(e) as a negotiable instrument. The confirmation of sale of the seed involved in this case is not a negotiable instrument. Consequently, we turn to the chapter on "Sales" of the Uniform Commercial Code, chapter 72.

ORS 72.2020 provides:

> "Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
>
> "(1)  By course of dealing or usage of trade as provided in ORS 71.2050 or by course of performance as provided in ORS 72.2080; and
>
> "* * * * *."

The official comments to the Oregon version of the Uniform Commercial Code, adopted from the comments of the National Conference of Commissions on Uniform State Laws (1958), contain the following explanation:

> "* * * * *
>
> "2.    Subsection (1) of ORS 72.2020 makes admissible evidence of course of dealing, usage of trade and course of performance to explain or supplement the terms of any writing stating the agreement of the parties in order that the true understanding of the parties as to the agreement may be reached. Such writings are to be read on the assumption that the course of prior dealings between the parties and the usages of trade were taken for granted when the document was phrased. Unless carefully negated they have become an element of the meaning of the words used. Similarly, the course of actual perform-

ance by the parties is considered the best indication of what they intended the writing to mean.

"* * * * *."

■ It is clear from the wording of ORS 72.2020 and the comments that extrinsic evidence is admissible as an aid to the court in determining the true intent of the parties to a commercial agreement. This would also apply to determining the intent of the parties as to who was liable on the agreement. Defendant Riddell presented evidence in an offer of proof that the two corporations represented by Riddell and James Jenks had had commercial dealings for many years and that they had always dealt on the basis that Riddell was acting in his capacity as president of Green Valley and not as an individual. Whether this evidence is sufficient to establish the proposition contended by defendant Riddell is for the trier of fact to determine. We only decide whether the evidence is admissible. We conclude that it was.

■ Plaintiff argues that the confirmation of sale signed by Riddell and James Jenks is a complete agreement and because it is complete and unambiguous on its face there is no basis for admitting extrinsic evidence to explain it. Again we turn to the official comments to the Uniform Commercial Code as an aid in interpreting the statute. The comments state:

"1. ORS 72.2020 definitely rejects:

"* * * * *

"(c) The requirement that a condition precedent to the admissibility of the type of evidence specified in subsection (1) is an original determination by the court that the language used is ambiguous."

Based upon these comments, we conclude the statute, ORS 72.2020, does not require that the court find the writing to be ambiguous as a predicate to the admission of evidence of the parties prior dealings. We conclude that the evidence of prior dealings between the parties was admissible and that the court correctly granted defendant's motion for a new trial.

Affirmed.