OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the judgment of Supreme Court reinstated and the certified question answered in the affirmative.
*986 Plaintiff is a bean farmer in Tompkins County. In July 1981 he contracted to purchase “foundation seed” from defendant for spring 1982, and tendered a $5,000 deposit with his order. In the spring of 1982 defendant informed plaintiff that it was unable to deliver the “foundation seed”, and offered to sell “registered seed” at a reduced price of $14,500. Plaintiff agreed to the change and picked up the “registered seed”. Shortly thereafter, he allegedly discovered that the “registered seed” was defective and attempted unsuccessfully to return it.
Plaintiff commenced this action against defendant alleging a breach of the agreement for “foundation seed” and seeking recovery for the diminution in customer goodwill resulting from the breach. Defendant counterclaimed for $9,500, the balance due on the agreement for “registered seed”. In response, plaintiff interposed a reply containing a general denial.
At trial, following the opening statements, the plaintiff made an offer of proof concerning the inferior quality of the “registered seed” and his attempt to reject it. Neither claim was raised in the amended complaint or the reply. The court then dismissed the amended complaint and directed a verdict in favor of defendant on its counterclaim for the balance due for the “registered seed”. It also denied plaintiff’s motion to amend his pleadings.
The Appellate Division modified, on the law, by reversing the Supreme Court order insofar as it directed a verdict for defendant on the counterclaim, and otherwise affirmed as to the dismissal of the complaint. The question certified to this court is whether the Appellate Division erred in its ruling on the counterclaim — that the offer of proof was sufficient to raise a defense as to the quality of the seed and the attempted rejection where these claims were not otherwise raised in the pleadings. Defendant contends that plaintiff failed to plead the affirmative defense of breach of warranty in his amended complaint or reply and is thereby precluded from offering such proof as a defense to the counterclaim.
The general rule stated in CPLR 3018 (b) is that “[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading”. Defendant cannot claim surprise because the protestations as to the quality of the registered seed were communicated to it. However, the allegations concerning inferior quality and the attempted rejection raise factual issues which do not appear in the plaintiff’s pleadings. The failure to plead these matters results in a waiver (see, Surlak v Surlak, 95 AD2d 371, appeal dismissed 61 NY2d 906) *987 which entitles defendant to summary judgment on its counterclaim. Plaintiff’s general denial is insufficient to raise the claims because a general denial puts in issue only matters which defendant is bound to prove on its counterclaim (see generally, Hoffstaedter v Carlton Auto Supplies Co., 203 App Div 494,496).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.