*W. R. Collins* and *L. F. Hanger*, for plaintiff.

*Oliver G. Bailey*, contra.

---

## REQUIREMENTS AS TO BUILDING PERMITS.

[Circuit Court of Lucas County.]

THE CITY OF TOLEDO v. GEORGE J. KIEBLER.

Decided, March 4, 1905.

*Building Ordinances—Requirements as to Securing Permits—Prosecution of Contractor for Failure so to Do—Defective Affidavit—Validity of Ordinance—Policy of the Courts.*

1. It is an established rule of courts that the question of the constitutionality of a statute or the validity of an ordinance will not be determined, unless a case is presented which makes such determination necessary.

2. An affidavit which charges a contractor with proceeding to erect a building without first having obtained the required permit from the building inspector is insufficient upon which to base a conviction, where the requirement of the ordinance is that such a permit shall be taken out by either the owner of the building or the contractor, and the affidavit does not state that the owner had also failed to take out a permit.

HULL, J., HAYNES, J., and PARKER, J., concur.

The defendant in error—who was also defendant below—was prosecuted in the police court of this city for violating a section of the building ordinances of the city of Toledo.

By an ordinance of the council of this city, a building department was established and provisions were made for a building inspector and provisions with regard to the obtaining of permits for the erection of buildings of any kind, and a penalty imposed of fine and imprisonment for violation of this ordinance. The permit requires a fee, from a minimum of two dollars up to one thousand dollars, being at the rate of two dollars a thousand and not to exceed one thousand dollars. It was charged in the affidavit that Kiebler, being the agent and contractor of one Maude Mitchell—who was the owner—erected a building in this city without said Kiebler obtaining a permit therefor, as required by the ordinance. Walter C. Hudson was at the time the inspector and made the affidavit. A demurrer was filed to the affidavit, which was sustained, and defendant was discharged by the police court. The case was taken to the court of common pleas on error and the judgment of the police court was affirmed. Error was then prosecuted to this court.

It is claimed by the defendant in error that, for various reasons, the action of the police court was correct. It is claimed that the legislation on this subject was invalid and unconstitutional. It is claimed further, that Hudson was never properly appointed or selected as building inspector, and this seems to have been the ground on which the police court sustained the demurrer to the affidavit. Other grounds were urged, as I have said, and the court of common pleas found the affidavit invalid, on various grounds. It is claimed that the city has no power, under the statutes of the state, to pass such an ordinance; that while it has the power to regulate the erection of buildings, it has no power to impose a fee, and to require the owners to pay a fee for the securing of a permit to erect buildings upon their own property. And it is claimed further that the provision requiring the payment of a fee for such purpose is unconstitutional and in conflict with the Bill of Rights, as interfering with the right of private property.

The case as argued presents many interesting questions. In the view that we take of it, however, it is not necessary or proper for us to consider these questions as to the validity or consti-

tutionality of this ordinance relating to buildings. We have reached the conclusion that the affidavit is fatally defective, regardless of the ordinance; although the ordinance may be valid in every respect and the officer properly appointed, in our judgment the affidavit does not charge an offense, and it not being necessary to do so, it would not be proper for us to undertake to determine the validity of the ordinance. . It is a well established and universal rule of courts that the constitutionality of a statute or the validity of an ordinance will not be passed upon by the court unless it is necessary—until a case is brought before the court that makes it necessary to pass upon such questions.

The affidavit charges that Maude Mitchell was the owner of this property; that "the defendant being then and there a contractor for and agent of one Maude Mitchell did unlawfully proceed with the erection of a certain building located on Parkwood avenue in the city of Toledo, Lucas county, Ohio, of which building the said Maude Mitchell was then and there the owner, without he, the said George Kiebler, having first obtained from the inspector of buildings of said city of Toledo, Ohio, a permit for such erection," etc. The affidavit charges that Maude Mitchell was the owner of the building and that Kiebler was the agent and contractor for her; that he proceeded to the erection of said building "without him, the said George Kiebler, having first obtained from the inspector of buildings a permit."

Section 1 of the ordinance requires either the owner or the agent to procure a permit to erect a building.

"A permit for such erection or alteration or the undermining of any such sidewalk shall be first obtained from the inspector of buildings by the owner or his agent, and it shall be unlawful to proceed with the erection or alteration of any building, or part of any building, or any such platform, staging or flooring, or the undermining of any sidewalk in the city of Toledo, unless such permit shall first have been obtained from the inspector of buildings."

So as appears from the ordinance the permit may be obtained either by the agent or by the owner. In most cases, it probably would be obtained by the owner, and if the owner has obtained

a permit, of course it is not necessary for the agent or contractor to do so—only one is required, and to charge this offense against Kiebler as agent and contractor, the negative allegation should be made in the affidavit that no permit had been obtained by the owner. For aught that appears in the affidavit here, the owner may have obtained a permit and Kiebler may have had it in his pocket at the time he began the erection of and while erecting this building. It is very clear to us that this affidavit does not charge an offense under this ordinance. It does not charge a violation of the ordinance for the reasons stated, and it would be improper for us to consider these other questions when no offense whatever has been charged under the ordinance as it stands. The only question for us to determine is, whether the action of the police court was correct in discharging Kiebler and whether the judgment of the court of common pleas sustaining the demurrer should be affirmed.

It is clear that the judgments of the lower courts were correct and they should be and are affirmed.

*U. G. Denman, Charles K. Friedman* and *Charles W. Meck,* for plaintiff in error.

*Chittenden & Chittenden,* for defendant in error.