UNITED SURETY COMPANY, Respondent, *v.* DANIEL MEENAN, Appellant.

Contract — construction of instrument given to indemnify surety company upon bond given by latter company to guarantee faithful performance of contract by construction company — evidence — parol evidence tending to show meaning of ambiguous contract admissible.

This action is brought against the appellant and another, not served, to recover the annual premium on a bond executed by plaintiff, which premium it is claimed by plaintiff was agreed to be paid by the defendants by virtue of an instrument which upon its face

recites that the undersigned have requested the surety company to execute a bond or undertaking in behalf of the Gore-Meenan Company for the construction of certain work, and an agreement to pay the premium named therein annually, and to indemnify and keep indemnified the surety company against any and all demands and liabilities, etc. The instrument also contains the language: "That this agreement shall bind, not only the undersigned jointly and severally, but also our respective heirs, executors, administrators, *successors* and assigns." At the close of the instrument is found the signatures of the defendants and the seal of their corporation. An acknowledgment was made by defendant Gore, described as "president of the Gore-Meenan Co;" followed by an acknowledgment made by the defendant Meenan, "*who did depose that he was the secretary of the .Gore-Meenan Company*, the corporation described in and which executed the foregoing instrument," reciting also that the seal is affixed by order of the corporation. In an action against Meenan and Gore individually to recover the amount of an unpaid premium, *held*, that the instrument in suit was not free from ambiguity, and that parol evidence was admissible to prove the circumstances under which the same was executed, also to establish facts disclosing knowledge of the plaintiff that the purpose of the instrument in suit was to bind the corporation and not the defendant in this suit.

*United Surety Co.* v. *Meenan,* 151 App. Div. 942, reversed.

(Argued February 4, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1912, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

June 17th, 1909, the Gore-Meenan Company, of which Frank E. Gore was president, and the defendant Daniel Meenan was secretary, together with the respondent, executed a bond to Benjamin B. Odell, Jr., and William E. Paine, as receivers of the Thomas McNally Company, in the sum of one hundred thousand dollars, which recited that the Gore-Meehan Company had entered into a contract with said receivers, bearing date the 15th day of June, 1909, whereby said company had been employed by said receivers to construct part of the Catskill aque-

duct between Garrison and Peekskill, as shown on the contract drawing for contract number two between the McNally Company and the city of New York. The condition of the obligation was that the Gore-Meenan Company should faithfully perform the contract and pay bills for labor performed and materials furnished. This bond was executed by the Gore-Meenan Company by Gore as president.

The first premium for six months of 1909 and six months of 1910, to wit, for one year, was paid by a check made by the Gore-Meenan Company to the order of the plaintiff for $2,500, dated June 21, 1909.

It appears by the record that on the 22nd day of June, 1909, five days subsequent to the bond spoken of above, an application was made by the Gore-Meenan Company to the United Surety Company for a bond on behalf of the Gore-Meenan Company to be executed by Frank E. Gore and Daniel Meenan, as officers of said company; the amount of said bond was to be one hundred thousand dollars, and the nature of the contract was the same as that referred to in the bond above mentioned. Attached to said application was a statement of the assets and liabilities of the Gore-Meenan Company, which disclosed assets of $191,010, and liabilities exclusive of capital stock of $8,750. The application contained a covenant to pay $2,500 per annum in advance to the plaintiff for executing said bond, and with a requirement that the Gore-Meenan Company would indemnify and save harmless the United Surety Company by reason thereof. This application was executed in the name of the Gore-Meenan Company by Frank E. Gore, president.

June 23rd, 1909, the day following the application referred to, the instrument in suit was executed, which upon its face recites that the undersigned have requested the surety company to execute a bond or undertaking in the sum of one hundred thousand dollars in behalf of the Gore-Meenan Company and in favor of the receivers for

the construction of the work hereinbefore mentioned, an agreement to pay the premium of $2,500 annually on the 17th day of June of each year, and to indemnify and keep indemnified the surety company against any and all demands and liabilities, etc.

The instrument also contains the language: "That this agreement shall bind, not only the undersigned jointly and severally, but also our respective heirs, executors, administrators, *successors* and assigns (as the case may be) until the Company shall have executed a release under its corporate seal, attested by the signature of its officers proper for the purpose."

Following the date of the instrument it is signed "Daniel Meenan," the signature extending over the word "seal," "P. O. Address 35 West 88 St., City," and "Frank E. Gore (seal), P. O. Address 795 St. Nicholas Ave., City," and also the imprint of a seal, bearing upon its face "Gore-Meenan Co. New York," and in the center thereof "Incorporated 1907." Then follows the following acknowledgments before Philip O. Bischoff, notary public:

"STATE OF NEW YORK, } ss.
  COUNTY OF NEW YORK, }

"On this 23 day of June, 1909, before me personally came Frank E. Gore, President of the Gore-Meenan Co., to me personally known and known to me to be the individual described in and who executed the foregoing agreement and he acknowledged that he executed the same.
                    "PHILIP O. BISCHOFF,
        "*Notary Public No. 82 Kings Co., N. Y.*
                    "Registered N. Y. County.
"STATE OF NEW YORK, } ss.
  COUNTY OF NEW YORK, }

"On the 23 day of June in the year 1909, before me personally came Daniel Meenan; to me known, who being by me duly sworn, did depose and say: that he resides in 35 West 88 St. N Y City: that he is the Secretary of the

———— the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation and that he signed his name to the said instrument by like order.

" PHILIP O. BISCHOFF,

" *Notary Public No. 82 Kings Co., N. Y.*

" Registered N. Y. County."

This action was brought against Meenan and Gore individually, though Gore was not served in the action, to recover the sum of $2,500, with interest from the 17th day of June, 1910, being the premium for one year from that date. The defendant Meenan answered denying that he had executed such bond. At the close of the case judgment was directed for plaintiff against Meenan, and upon appeal therefrom the judgment was affirmed by the Appellate Division.

*H. Snowden Marshall, James A. O'Gorman* and *Isaac H. Levy* for appellant. The agreement was executed by the Gore-Meenan Company, and not by Daniel Meenan individually. (*Jackson ex dem.* v. *Walsh*, 3 Johns. 226; *Clark* v. *F. W. Mfg. Co.*, 15 Wend. 256; *Lovett* v. *Steam S. M. Assn.*, 6 Paige, 54; *U. B. Co.* v. *T. T. & R. R. Co.*, 7 Lans. 240; *People's Bank* v. *St. Anthony's Church*, 109 N. Y. 525; *Miller* v. *Roch*, 150 Mass. 140; *Means* v. *Swormstedt*, 32 Ind. 87; *Rawlings* v. *Gas Co.*, 105 Tenn. 268; *McDaniels* v. *Flower Mfg. Co.*, 22 Vt. 274; *Hall* v. *Lauderdale*, 46 N. Y. 70.) It was error for the court to hold that in no event could the contract be regarded as the act of the corporation so as to relieve the defendant Meenan from personal liability, and the exclusion of testimony for this purpose was error. (*F. Nat. Bank* v. *Wallis*, 150 N. Y. 455; *Schmittler* v. *Simon*, 114 N. Y. 176.)

*Emanuel Blumenstiel* and *Milton M. Blumenthal* for respondent. The indemnity agreement is clearly the agreement of Gore and Meenan as individuals and is unambiguous. (*American Surety Co.* v. *McDermott,* 5 Misc. Rep. 298.) The trial court properly excluded the defendant's oral evidence. (*Auburn C. Bank* v. *Leonard,* 40 Barb. 119; *Kennedy* v. *Porter,* 109 N. Y. 544; *American Surety Co.* v. *Thurber,* 121 N. Y. 655; *Lossing* v. *Cushman,* 195 N. Y. 386; *American Surety Co.* v. *McDermott,* 9 Misc. Rep. 132; *Eighmie* v. *Taylor,* 98 N. Y. 288; *Ferree* v. *Ellsworth,* 47 N. Y. S. R. 119; *House* v. *Walch,* 144 N. Y. 418; *Clark* v. *Baird,* 9 N. Y. 183.) Parol evidence is inadmissible to show that a party to an instrument signed in another capacity. (*Babbett* v. *Young,* 51 N. Y. 238; *American Surety Co.* v. *McDermott,* 5 Misc. Rep. 298; *Auburn City Bank* v. *Leonard,* 40 Barb. 119.)

Hogan, J. The sole question to be determined on this appeal is the correctness of the rulings made by the trial justice in the exclusion of evidence offered on behalf of defendant to avoid liability upon the instrument in suit and to establish that the writing in question was the undertaking of the Gore-Meenan Company, of which defendant was secretary, and was not the individual obligation of the defendant; that the plaintiff obligee in the bond understood that the instrument in suit was the undertaking of the corporation, not only from the face of the same but it had treated it as such by subsequently preparing an indemnity bond and seeking to have Meenan individually execute the same in lieu of the bond in suit. For the purpose of establishing the acts and knowledge of plaintiff, defendant called as a witness a representative of the plaintiff and propounded questions to him tending to disclose knowledge on the part of the plaintiff that the bond was intended by plaintiff to be the bond of the Gore-Meenan Company; that it had been treated as such by the

plaintiff, and that an attempt had been made by plaintiff after the execution of the instrument in question to secure from defendant individual indemnity in addition to the Gore-Meenan liability. All parol evidence offered by defendant along the line stated was excluded over exceptions by defendant.

If upon the face of the instrument in suit such ambiguity is found as to be consistent with the construction either that the defendant intended to execute the same on behalf of the Gore-Meenan Company or as an individual, parol evidence was admissible to prove the circumstances under which the bond was executed and the character in which the defendant signed the same.

The bond in its entirety, including the acknowledgment of the same, was set forth in the complaint in the action, and was received in evidence upon the trial. It was prepared by the plaintiff and under well-established rules of law must be strictly construed against it. The body of the bond does not contain the name of the defendant. True it does refer to the parties thereto in an individual sense, but it also refers to "successors," thus disclosing the adaptability of the blank form to execution by a corporation as well as by an individual. At the close of the instrument will be found first the corporate seal of the Gore-Meenan Company; this was followed by the signature of the defendant Meenan and the signature of Gore. The acknowledgment was by Gore, "President of the Gore-Meenan Co.;" then follows the acknowledgment wherein appears the name of Meenan *who did depose that he was secretary of the Gore-Meenan Company,* "the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said instrument by like order."

The instrument upon the face thereof discloses it was

executed the day following the execution by the Gore-Meenan Company of an application (which was placed in evidence by the plaintiff) for a bond substantially in terms the language of the bond in suit.

At common law a contract under the seal of a corporation, attested by the signature of its executive officers, was *prima fàcie* the contract of the corporation. The seal of the corporation was its signature. (*Trustees* v. *McKechnie*, 90 N. Y. 618; *People's Bank* v. *St. Anthony's R. C. Church*, 109 N. Y. 512–525; *Quackenboss* v. *G. & R. F. Ins. Co.*, 177 N. Y. 71.) The seal of the corporation having been affixed to the instrument followed by the signatures of the president and secretary, designated in the acknowledgment as such, the presumption follows that the seal of the corporation was attached to the instrument by proper authority.

We are of the opinion that the instrument in suit was not free from ambiguity, and that parol evidence was admissible to prove the circumstances under which the same was executed, also to establish facts disclosing knowledge of the plaintiff that the purpose of the bond in suit was to bind the Gore-Meenan Company and not the defendant in this suit (*Schmittler* v. *Simon*, 114 N. Y. 176); therefore, the trial justice was in error in refusing to receive such evidence and for that reason the judgment must be reversed.

The judgment should be reversed and a new trial ordered, costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN and CUDDEBACK, JJ., concur; HISCOCK, J., dissenting; MILLER, J., not sitting.

Judgment reversed, etc.