dict and judgment cannot be disturbed, if free from error on either one of those issues.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.

---

HAMILTON *v.* THE OHIO CONTRACT PURCHASE CO.

*Negotiable instruments—Questions for jury—Consideration and holder in due course—Error proceedings—Judgment not reversed on weight of evidence, when.*

1. Questions whether note sued on was purchased in due course, before due, for consideration, and without knowledge of any defects therein, are questions of fact, to be determined by jury.
2. Though evidence offered might cause different minds to reach different conclusions, when jury has made ultimate findings on conflicting facts, reviewing court cannot reverse judgment as against manifest weight of evidence.

(Decided January 29, 1926.)

ERROR: Court of Appeals for Franklin county.

*Messrs. Addison & Evans,* for plaintiff in error.
*Messrs. Turner, Calland & Summers,* for defendant in error.

HOUCK, J. This case is here on error from the common pleas court of Franklin county. The parties stand in this court in an order the reverse of that held in the court below, but hereafter they will be referred to as they stood in the court below.

The plaintiff brought suit to recover the sum of $2,800 upon certain promissory notes it purchased of the E. A. Wilkinson Company. The case was submitted to a jury, and a verdict returned for the plaintiff in the sum of $2,400. Error is prosecuted to this court, seeking a reversal of the judgment below upon two grounds:

First a failure of consideration, or that the plaintiff was not the purchaser before due, and without knowledge of the claim of failure of consideration.

Second, that the verdict and judgment are against the manifest weight of the evidence.

We have read the record evidence, and have examined with care the written briefs presented by counsel in this case, which was also ably argued in open court by counsel.

Coming now to the first claimed error, that the notes were not purchased in due course before due, and without knowledge of any defects therein, will say that this was a question of fact to be determined by the jury. We think the rule of law is well settled that the question whether or not the purchaser of negotiable paper, purchased before due and for a valuable consideration, is the owner and holder in due course, and the question whether the purchaser at the time of the purchase of the notes knew of any infirmity therein, or had knowledge of any failure of consideration at the time it purchased said notes, are questions of fact to be determined by the jury under proper instructions from the trial judge. We have examined the charge of the court to the jury, and find that it covers every proposition of law raised by the facts in the case. Therefore, upon the first proposition, we find there is no prejudicial error in the record.

Coming now to the second claimed error: Is the verdict of the jury against the manifest weight of the evidence? An inspection of the testimony offered discloses the fact that there was a sharp conflict in the testimony upon some of the questions at issue in the case, but we find and hold the rule to be well settled that even though the evidence offered might be of such nature as to cause different minds to reach different conclusions, yet when the jury has ultimately found upon the facts presented to it, as in the instant case, it is not within the province of a reviewing court to reverse such judgment for the reason that it is against the manifest weight of the evidence. However, we are of the unanimous opinion that the verdict of the jury and the judgment entered by the trial judge are clearly responsive to the proven facts and the law, as given to the jury in the charge of the trial judge. It follows that we find no prejudicial error in the record, and therefore the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and YOUNG, JJ., concur.

HOUCK and SHIELDS, JJ., of the Fifth Appellate District, and YOUNG, J., of the Sixth Appellate District, sitting in place of Judges ALLREAD, FERNEDING and KUNKLE, of the Second Appellate District.