**HAMPTON, Plaintiff-Appellee, v. McCARY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5031. Decided March 29, 1954.

William H. Brooks, Columbus, for plaintiff-appellee.
James F. Little, Columbus, for defendant-appellant.

(FESS, PJ, CONN and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By THE COURT.

This appeal is on questions of law from a judgment of the Municipal Court of Columbus, Ohio.

The plaintiff-appellee will be referred to herein as the plaintiff and the defendant-appellant as defendant, as the parties appeared in the Municipal Court.

The judgment here for review is upon a cognovit note, entered September 16, 1953, by the Municipal Court pursuant to waiver of process and confession of judgment, authorized by warrant of attorney annexed to and being a part of said note.

Thereafter, motion to vacate said judgment, supported by affidavit of the defendant, motion for rehearing and motion for new trial were filed by the defendant and same were overruled on September 30th, 1953, and October 16th, 1953, respectively, following which defendant's notice of appeal was filed on October 28th, 1953.

The pertinent facts necessary for a determination of this appeal are that the defendant tendered an answer to the petition of the plaintiff, and by written motion aforesaid sought an order of said Court, suspending said judgment and granting defendant leave to file said answer.

The defenses alleged in said answer were in substance that there was another action pending in said Court between the parties, which involved the same matters involved in the action upon said note; that the execution and delivery of said note were obtained through duress,

being practiced upon the defendant by the plaintiff and that defendant was not indebted to plaintiff in any amount.

The principal assignment of error relied upon by the defendant is in the refusal of the Court to suspend said judgment and grant defendant permission to file said answer.

The duty resting upon the Court to permit a defendant to interpose a legal defense by a proffered answer, under circumstances shown to exist in the record before us has been established by a number of appellate and Supreme Court decisions: **Bellows v. Bowlus, 83 Oh Ap 90; Edge v. Stuckey, 40 Oh Ap 122; Canton Implement Co. et v. Rauh, 37 Oh Ap 544; Moorman v. Schmidt, 69 Oh St 328; Lee v. Benedict, 82 Oh St 302;** Foundry Co. v. Chesbrough, 18 O.C.C. 783; **Bulkley v. Greene, 98 Oh St 55; First National Bank of Dunkirk v. Smith et, 102 Oh St 120.**

It is the conclusion of this Court that there were sufficient allegations contained in the tendered answer of the defendant, which if supported by evidence would prove a defense and under the circumstances then present, the law imposed a clear duty upon the Court to suspend the judgment and permit the filing of said answer and that the Municipal Court erred to the prejudice of the defendant, in its refusal to so order, for which error said judgment will be reversed and the cause remanded for further proceedings according to law.

FESS, PJ, CONN and DEEDS, JJ, concur.