ROOD, APPELLEE, *v.* McCANN, APPELLANT; MORROW, APPELLEE.*

---

*Motion to certify the record overruled, April 24, 1957.

(No. 454—Decided January 15, 1957.)

*Mr. William J. Jones* and *Mr. Jack M. McCann,* for appellant.

*Mr. T. W. Reed,* for appellee.

COLLIER, J.  On September 26, 1955, a judgment in the sum of $1,215 was rendered in favor of the plaintiff, appellee herein, in the Common Pleas Court of Ross County upon a cognovit note against the defendant, appellant herein, Jack M. McCann.

On October 22, 1955, the appellant, Jack M. McCann, filed a motion to vacate and set aside the judgment with permission to file an answer to the petition.

On the same date he (defendant McCann) filed an answer which in substance alleges that at the time the note was executed it was stamped with the corporation seal of the M. & I. Sanitation Company, Inc., an Ohio corporation; that the note represents an obligation of the corporation and not the obligation of the defendant; that the defendant executed the note as secretary of the M. & I. Sanitation Company, Inc.; that the payee of the note, Mrs. Claude Morrow, well knew the corporate nature of the note and the intention of the parties at the time of acceptance; that the plaintiff, George Rood, at the time of the acceptance of the note well knew that the note was a corporate obligation of the M. & I. Sanitation Company and not the note of the individuals who signed it; that the plaintiff is not the assignee of a holder in due course and is not himself a holder of the note in due course; that when plaintiff took the note as transferee of the payee the note was not regular on its face; that the plaintiff, at the time of purchase of the note, knew that the note was issued without consideration to Claude Morrow and Jack M. McCann; that the plaintiff had intimate knowledge of the M. & I. Sanitation Company and operated the com-

pany for a period of time after the execution of this note; that in the fall of 1953 the plaintiff, George Rood, purchased from the defendant Claude Morrow common stock equal to a 25 per cent share of the corporation; that at the same time the plaintiff, George Rood, also purchased several corporation obligations by way of cognovit notes; that the purchase of the stock and the corporation obligations were simultaneous transactions; that the plaintiff, George Rood, was instructed and knew the nature of the instruments that he purchased and that they were corporate obligations and not the obligations of the individuals; and that the defendant Jack M. McCann was never served with summons in this cause.

On May 5, 1956, the motion of the defendant Jack McCann to vacate and set aside the judgment rendered on the note and to permit him to file his answer was overruled in the court below, from which judgment the defendant Jack M. McCann has perfected his appeal on questions of law to this court.

The note in question is on a blank printed form, dated June 1, 1953, and payable on demand. The individual signatures of the defendants Jack M. McCann and Claude M. Morrow appear in the lower right hand corner of the note on the lines provided for the makers of the note. Directly to the left of the signatures appears the imprint of the corporation seal of the M. & I. Sanitation Company.

The journal entry overruling the motion to set aside the judgment and to permit an answer to be filed reads:

"Upon inspection of the note upon which judgment was taken, the answer tendered, and the briefs and arguments of counsel, the court finds and concludes that the answer does not set forth a valid legal defense."

The law, as stated in *Hampton* v. *McCary,* 71 Ohio Law Abs., 274, 131 N. E. (2d), 244, is:

"Where the defendant files a motion to set aside a default judgment based upon a cognovit note and tenders an answer containing sufficient allegations, which if supported by the evidence would prove a defense under the circumstances then present, the law imposes a duty on the court to suspend the judgment and permit the filing of the answer."

The question for determination is whether any of the de-

fenses as stated in the answer, if true, would constitute a defense to the action. The answer to this question depends largely upon whether the plaintiff is a holder in due course, which fact is denied in the answer. If the plaintiff is not a holder in due course and did not derive his title through a holder in due course, then the note is subject to the same defenses that would be available to the makers of the note in an action thereon by the payee. Sections 1301.59 and 1301.60, Revised Code.

If it should be determined that the plaintiff is not a holder in due course, and this is a question of fact to be determined by the jury, it is the conclusion of this court that the answer tendered contains sufficient allegations, if supported by evidence, to prove a defense.

In *Hamilton* v. *Ohio Contract Purchase Co.*, 23 Ohio App., 445, 155 N. E., 700, it is held, in the first paragraph of the syllabus:

"Questions whether note sued on was purchased in due course, before due, for consideration, and without knowledge of any defects therein, are questions of fact, to be determined by jury."

We do not have the benefit of a written decision by the trial court, but apparently the motion to set aside the judgment was overruled on the principle that parol evidence is not admissible to explain the circumstances under which the note was executed. This question has given rise to much litigation, which has resulted in conflicting decisions. The principal reason for this conflict is that each case is distinguishable from the others on the facts. The test is whether the instrument under consideration shows on its face an ambiguity as to liability thereon.

In *Austin, Nichols & Co., Inc.,* v. *Gross*, 98 Conn., 782, 120 A., 596, the check was signed "M. Gross." Across the left hand end of the check were the following words: "State Street Grocery Co., Inc., 161 State St., Hartford, Conn." The court held that parol evidence was admissible to show whether the words on the check indicated that he signed for and on behalf of the principal or in a representative capacity, as such evidence would tend to show what the contract was, not to vary it. The court said, at page 790:

"If the words appear on any part of the check indicating

that Gross signed in behalf of the State Street Grocery Company, that will be sufficient, whether the words appear at the head of the check or on its margin. All that is necessary between the original parties is, that these words should be such as to reasonably apprise, or put on notice, the payee, that it was or might be the check of the company and not of Gross.''

Also, in *United Surety Co.* v. *Meenan,* 211 N. Y., 39, 105 N. E., 106, it is held that where a bond was signed by the secretary of the corporation, who, however, did not affix his official title to his signature, and bore upon its face the seal of ''Gore-Meenan Co., New York,'' the instrument was not free from ambiguity, and parol evidence was admissible to prove the circumstances under which it was executed and, also, to disclose facts to show knowledge of the obligee that the purpose of the bond was to bind the Gore-Meenan Company alone.

In *Germania National Bank of Milwaukee* v. *Mariner, imp.,* 129 Wis., 544, 109 N. W., 574, a note reading, in part, ''the Northwestern Straw Works promise to pay,'' and signed, ''The Northwestern Straw Works, E. R. Stillman, Treas., John W. Mariner,'' was held, as to liability of Mariner, ambiguous, so as to permit the introduction of parol evidence of the facts and circumstances under which it was executed.

Those decisions are based upon the elementary principle of the common law that, in case a written contract is ambiguous in its terms, parol proof of the facts and circumstances under which it was executed may be introduced to aid in its construction. In the *Mariner case, supra,* the court said, at page 549:

''This rule applies to commercial paper, even in the hands of third persons, because, where the ambiguity is apparent to a reasonably prudent man on the face of the paper, he is necessarily put upon inquiry.''

So far as we are able to determine the Supreme Court of Ohio has not decided the question of admissibility of parol evidence in a case involving a factual situation similar to the facts in the instant case. However, in *Canton Provision Co.* v. *Chaney,* 46 Ohio Law Abs., 513, 70 N. E. (2d), 687, it was held by the Court of Appeals of the Seventh Appellate District, in the first paragraph of the headnotes:

''Where a check contains an ambiguous signature indicat-

ing that the maker thereof may have signed in a representative capacity, parol evidence is admissible to explain in what capacity the maker signed such check.''

After a careful examination of many of those cases, we are of the opinion that the corporate seal affixed to the note is sufficient to apprise plaintiff of the infirmities of the note; that the note upon which this action is based is ambiguous on its face; and that, especially in view of the modern tendency to broaden the rule permitting the introduction of parol evidence in such situations, parol evidence is admissible to explain the circumstances under which the defendant McCann signed the note. This subject is well annotated in 42 A. L. R., 1078, 111 A. L. R., 650, and 113 A. L. R., 1378. See, also, 8 American Jurisprudence, 227 *et seq.*, Section 482 *et seq.*, and 21 Ohio Jurisprudence (2d), 685 *et seq.*, Section 663 *et seq.*

The judgment of the trial court in overruling defendant McCann's motion to vacate the judgment and permit him to file his answer was erroneous and, therefore, the judgment must be, and hereby is, reversed, and the cause is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

GILLEN, J., concurs.
McCURDY, P. J., not participating.