HOSFORD, APPELLANT AND CROSS-APPELLEE, *v.* AUTOMATIC CONTROL SYSTEMS, INC., APPELLEE AND CROSS-APPELLANT.

(Nos. 11350 and 11362—Decided February 8, 1984.)

*Mr. Allan Hull,* for appellant and cross-appellee.

*Mr. Thomas J. LaFond,* for appellee and cross-appellant.

GEORGE, J. This action was brought by Harry W. Hosford to recover the principal and interest due on five different notes. After a trial to the court, Hosford was awarded a total of $230,605.78 on all of the notes. This court reverses and remands.

On February 1, 1975, Don Wetzel executed four promissory notes, each for $50,000, as president of AutoControl Service, Inc., the predecessor in interest of Automatic Control Systems, Inc. The amounts were payable to Air Charter Service. Later in 1975, Air Charter Service was liquidated and the notes were assigned to Hosford as its sole shareholder. On February 14, 1975, Hosford

loaned Automatic Control an additional $6,000 which was payable upon demand.

The trial court found that: (1) all of the notes were demand notes and that written demand was given on October 17, 1977; (2) partial payment was made on April 16, 1976, in the amount of $30,000; and (3) from the four corners of the instruments the notes were to bear interest at the rate of ten percent per year to commence on the date each note was due. The trial court then determined that the judgment should bear interest at the statutory rate. An appeal and a cross-appeal have been taken.

### Assignment of Error 1

"The court below erred in holding that interest upon three promissory notes which provided 'This note will pay interest at the rate of prime plus 3 or 10% whichever is higher' began to run only after default in payment of the principal."

The issues on appeal concern the judgment as it relates to the four $50,000 notes. The basic language of the notes provides:

"AutoControl Service, Inc. [sic] hereby promises to pay Air Charter Service $50,000 one year and one day from date of written demand. This note will pay interest at the rate of prime plus 3 or 10% whichever is higher."

The notes were due one year and one day, two years and one day, three years and one day, and four years and one day after written demand. The first note was due on October 18, 1978.

R.C. 1303.21 provides in part:

"(D) Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment:

"(1) in the case of a maker, acceptor, or other primary obligor of a demand instrument, from the date of demand; * * *"

The court cannot find from the language of the note that interest should run from any other date. The note mere-ly states that it shall bear interest at a particular rate. Therefore, R.C. 1303.21(D)(1) is applicable and interest runs from the date of demand, October 17, 1977. Accordingly, the first assignment of error is well-taken. The interest on each note from the date of demand must yet be determined.

### Assignment of Error 2

"The court below erred in holding that the current interest rate upon the three notes was 10%, and erred in failing to consider evidence showing that 'prime plus 3' as stated in the notes meant, as used by the parties, a definable and overall higher rate than 10%."

The trial court found that "from the four corners of the instruments" the amount associated with "prime plus 3" was not ascertainable. Although evidence was offered during trial regarding the rate mandated by the "prime plus 3" language, the trial court based its decision upon only language within the note.

Generally, parol evidence is admissible to explain an ambiguity or uncertainty in a written instrument. 40 Ohio Jurisprudence 2d (1967) 480, Negotiable Instruments, Section 392; Rood v. McCann (1957), 103 Ohio App. 55 [3 O.O.2d 145]. This evidence may be considered to explain the terms of the instrument and give the terms their full meaning. In the present case, Hosford presented evidence in an attempt to define the term "prime plus 3." The trial court's decision, however, was apparently based solely upon the language contained within the four corners of the instrument.

The second assignment of error is well-taken. The cause is remanded to the trial court for a determination of the appropriate interest rate based upon all of the evidence. If the trial court finds that there is sufficient evidence so as to define "prime plus 3" in precise numerical terms, then that amount shall

constitute the interest rate and shall be applied in accordance with the preceding portion of this decision. Accordingly, the second assignment of error is sustained.

### Cross-Appeal—Assignment of Error

"The court erred by including prejudgment interest earned on the promissory notes in the final judgment amount, thus permitting prior interest to be subject to additional judgment interest."

Final judgment was rendered in favor of Hosford on August 22, 1983. The trial court ordered that the judgment, the principal and interest on each note, was subject to the statutory interest. Automatic Control alleges error in permitting the prejudgment interest which has accrued to draw postjudgment interest.

Upon issuance of a judgment, principal and interest become merged and no distinction can be made as between amounts originally attributable to principal and those attributable to interest. The amount reflected in the judgment then becomes subject to the accrual of statutory interest. Therefore, the trial court did not err in computing statutory interest on the entire judgment amount. Accordingly, the assignment of error on cross-appeal is overruled.

This judgment is, therefore, reversed and the cause is remanded to the trial court for a determination, based on the evidence presented of the meaning, if any, of the term "prime plus 3." The trial court shall then apply the appropriate interest rate as determined by the evidence from October 17, 1977, the date demand was made.

*Judgment reversed and cause remanded.*

QUILLIN, P.J., concurs.

BAIRD, J., concurs in part and dissents in part.

BAIRD, J., concurring in part and dissenting in part. The notes in question contained a provision for interest. R.C. 1303.17 provides in part:

"The following rules apply to every instrument:

"* * *

"(D) Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment from the date of the instrument, or if it is undated from the date of issue."

Accordingly, since the instruments in question were dated, interest should run from the dates of the instruments.

R.C. 1303.21(D) is not applicable to instruments providing for interest. See Paragraph 2 of the Official Comment to R.C. 1303.21, which also observes that R.C. 1303.17 controls where the note contains a provision for interest but does not specify the rate or the time from which it runs.

For this reason, the disposition of assignment of error one should provide for the payment of interest on each note from the date thereof. I concur with the disposition of the balance of the case.