Rory BROWN, et al., Plaintiffs,

v.

**CONSOLIDATED RAIL CORPORATION,**
Defendant.

No. C79–1230.

United States District Court,
N.D. Ohio, E.D.

July 19, 1985.

Marcia W. Johnson, Asst. U.S. Atty., Cleveland, Ohio, Mary Anne Garvey, Solicitor's Office, Dept. of Labor, Washington, D.C., for plaintiffs.

Thomas R. Skulina, Riemer, Oberdank & Skulina, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

On January 16, 1985, this Court granted plaintiffs' motions for summary judgment as to liability and found that plaintiffs were entitled to recover monthly displacement allowances (MDA's) from defendant. On January 16, 1985, the Court ordered plaintiff to set forth their damages within 30 days. On May 8, 1985, with the Court's leave for extensions of time, plaintiffs filed their Memorandum on Measure of Damages [hereinafter "Plaintiffs' Memorandum"]. Defendant was given 14 days to respond but has elected not to do so.

■ The Court has reviewed plaintiffs' demand for damages and finds them properly calculated and reasonable. In order to effectuate the statutory purpose of 38 U.S.C. § 2022, to return the veteran to the position he would have been in had he not lost wages or benefits due to the absence caused by military service, *see* 38 U.S.C. § 2021(b)(2),[1] plaintiffs have calculated their damages by reference to the earnings of a similarly situated employee. Plaintiff uses the amount of $20,129.13 awarded in displacement allowances to a track foreman (who was junior to him) as the figure to which he is entitled. This Court agrees. Hence, plaintiff Brown, since he received no MDAs, is entitled to $20,129.13 in damages.

■ Plaintiffs Douglas and Oswald received some MDAs but less than they were entitled to. Therefore, these plaintiffs cal-

---

**1.** 38 U.S.C. § 2021(b)(2) reads in pertinent part: "any person ... should be so restored or reemployed in such manner as to give such person such status in the person's employment as the person would have enjoyed if such person had continued in such employment continuously from the time of such person's entering the Armed Forces until the time of such person's restoration to such employment, or reemployment".

culated their damages as the difference between the MDAs received by a similarly situated employee and the amount they received. Once again, plaintiffs have shown that a journeyman electrician who had less seniority than plaintiffs Douglas and Oswald received MDAs totalling $5,827.80. Since Douglas has already received $4,710.43, he is entitled to $5,827.80 minus $4,710.43 or $1,117.37. Since Oswald has received $5,080.62, he is entitled to the difference between $5,827.80 and $5,080.62 or $747.18.

■■■ Plaintiffs also state that they are entitled to prejudgment interest. The only statutory guidance on the issue of interest, 28 U.S.C. § 1961, permits interest to be recovered on a judgment but does not specifically address the question of whether prejudgment interest should be permitted. *Louisiana & Arkansas Ry. Co. v. Export Drum Co.*, 359 F.2d 311, 317 (5th Cir.1966). Although writing in the context of a patent infringement case wherein a particular provision of the patent law permitting interest was interpreted, the Supreme Court has held that since "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award, a decision to award prejudgment interest will only be set aside if it constitutes an abuse of discretion." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S.Ct. 2058, 2062, 76 L.Ed.2d 211 (1983). The Sixth Circuit has also applied the abuse of discretion standard in reviewing the award of prejudgment interest. *See, e.g., In re Higbee Co.*, 161 F.2d 597, 600–01 (6th Cir.1947). The purpose of awarding prejudgment interest is to insure that an injured party is fully and fairly compensated for his loss. *Sea-Land Service, Inc. v. Eagle Terminal Tankers*, 443 F.Supp. 532, 534 (W.D.Wash.1977). In other words, pre-

judgment interest is a means by which a party who is entitled to an award can collect the proceeds from funds he presumably would have had the use of had it not been for defendant's conduct. Thus, this Court finds in the instant case that plaintiffs are entitled to prejudgment interest in order to effectuate the purposes of 38 U.S.C. § 2021 *et seq.*, which is to restore plaintiffs to the position they would have been in if they had received all the MDAs to which they were entitled. Furthermore, this Court finds no extraordinary circumstances or justification for withholding prejudgment interest. Defendants' good faith or justification for its position is immaterial to the decision to award such interest.

Having found that plaintiffs are entitled to prejudgment interest, the Court must next address what rate of interest is to be applied and at what date the interest begins to apply. Pursuant to 28 U.S.C. § 1961 [2], interest on judgments recovered in the district court shall be at the rate allowed by law on judgments recovered in the courts of the state in which the federal court is sitting. *See also Briggs v. Penn. R. Co.*, 164 F.2d 21 (2d Cir.1947), *aff'd*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948).

■■■ The date at which interest became payable on the judgment is critical to determining the applicable rate; it is therefore appropriate at this point to determine that date. Plaintiffs contend that October 1, 1981 is the relevant date since "the subchapter of the Regional Rail Reorganization Act of 1973 which governs the payment of MDA's was repealed in 1981." Plaintiffs' Memorandum at 3. Therefore, plaintiff argues "that all MDAs to which the plaintiffs are entitled should have been paid prior to October 1, 1981." [3] *Id.* at 4.

---

**2.** 28 U.S.C. § 1961 was amended in 1982, deleting the provision that interest is to be calculated at the rate allowed by state law. The statute now provides that interest is to be calculated at the coupon rate of 52 week United States Treasury Bills. Interest shall also be compounded annually. The statute is still silent on whether it is applicable to prejudgment interest. Because of the complexities of determining the

coupon yield rates in the period from 1981 to the present, the Court believes application of the state rates discussed in the statute prior to 1982 is both fair and simple enough in application that it should be applied here.

**3.** 45 U.S.C.A. §§ 771–780 were repealed on August 13, 1981 but "notwithstanding the repeal ... benefits accrued ... as a result of events

The courts have varied in the dates which they have used. The Second Circuit has rejected the date of commencement of the action as the starting point for prejudgment interest; it instead allowed interest "from the first day of the first month after each plaintiff received the last installment of [his payment] ... to the date of judgment." *Accardi v. Penn R. Co.*, 369 F.2d 805 (2nd Cir.1966). In *Schaller v. Board of Education of Elmwood Local School*, 449 F.Supp. 30 (N.D.Ohio 1978), District Judge Don Young assessed interest from the median date of the period in which the violations occurred. This Court believes that prejudgment interest should become applicable at the first date on which damages may be clearly determined as a sum certain or "liquidated sum." *See Lodge 743, Intern. Ass'n. of Machinsts, A.F.L.–CIO v. United Aircraft Corp.*, 336 F.Supp. 811, 815 (D.Conn.1971). This date comports with traditional notions of interest running on money from the time an undisputed amount becomes due and payable. *See* 45 Am.Jur.2d Interest and Usury §§ 87–88 (1969). "When a definite sum of money is determined to have been due and payable at a date certain prior to judgment, the legal rate of interest is allowed thereon from such date to the date of judgment." *Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480 (Tex.1978).

 In the instant case, the total sum due plaintiffs became judicially ascertainable and definite on October 1, 1981 since that was the last date on which plaintiffs were entitled to benefits. Thus, interest became payable from October 1, 1981. Since the state law rate governs, state law should also control the question of whether a judgment entered before the date of a statutory rate increase should earn interest at the new rate from the effective date of the statute. *Capra, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316 (5th Cir.1978). In Ohio, interest on damages is viewed in the nature of statutory damages and hence a statutory change in the rate of interest has been held applicable to damages entered before the effective date of the statutory revision. 31 Ohio Jur.2d Interest §§ 20–21 (1975). The Ohio Legislature changed the statutory interest rate in Ohio Revised Code § 1343.03 from 8% to 10%, effective July 5, 1982.[4] Therefore, plaintiffs are entitled to interest at a rate of eight percent per annum from October 1, 1981 until July 5, 1982 and at a rate of ten percent per annum from July 5, 1982 until January 16, 1985, the date of judgment. Since in Ohio principal and interest became merged following judgment, *Hosford v. Automatic Control Systems*, 14 Ohio App.3d 118, 470 N.E.2d 263 (1984) and the 1982 revision of 28 U.S.C. § 1961 explicitly allows compound interest, the damages plus prejudgment interest may be compounded in the instant case.

Using the compound interest formula, $S = P \times (1 + i)^n$, where S is the value or yield, P is the principal, i is the annual interest rate and n is the number of years, plaintiff Brown is awarded $27,062.91 in damages and interest; plaintiff Douglas is awarded $1,502.26 in damages and interest; and plaintiff Oswald is awarded $997.85 in damages and interest.[5] (See attachment for calculations)

Accordingly, the Clerk of Court shall enter judgment for plaintiffs and assess damages in the amount stated above.

IT IS SO ORDERED.

---

that occurred wholly prior to October 1, 1981 shall be disbursed."

**4.** Ohio law permits an interest rate of 10% per annum "upon all judgments, decrees, and orders of a judicial tribunal for the payment of money arising out of tortuous conduct or a contract or other transaction." O.R.C. § 1343.03.

**5.** In submitting their prejudgment interest demand, plaintiffs have not shown, explained or attached their calculations. Therefore, this Court is unclear how plaintiffs arrived at values of $28,399.38 for plaintiff Brown, $1,576.45 for plaintiff Douglas and $1,054.16 for plaintiff Oswald. Since plaintiffs may have relied on compound interest tables and interpolated, the Court believes that use of the formula and its own calculations will result in more accurate values.

PREJUDGMENT
INTEREST CALCULATIONS
ON
DAMAGES IN
BROWN v CONSOLIDATED RAIL Co.

COMPOUND INTEREST FORMULA:

$$S = P \cdot (1+i)^n$$

$S =$ sum or yield
$P =$ principal
$i =$ annual interest rate
$n =$ period of time in years

I. PLAINTIFF BROWN : DAMAGES = $20,129.13
 OCTOBER 1, 1981 — JULY 5, 1982 ≅ 9 MOS.
 JULY 5, 1982 — JANUARY 16, 1985 ≅ 2 YRS., 6 MON

∴ $i =$ 8% for 3/4 year
 $i =$ 10% for 2½ years.

SO:

$$S = \$20,129.13 \cdot (1+.08)^{3/4}$$
$$= \$20,129.13 \cdot \sqrt[4]{(1.08)^3}$$
$$= \$20,129.13 \cdot \sqrt[4]{1.259712}$$
$$= \$20,129.13 \cdot 1.0594191$$
$$= \$21,325.18 \qquad [\text{P after 3/4 yr. at 8\%}]$$

$$S = \$21,325.18 \cdot (1+.10)^{5/2}$$
$$= \$21,325.18 \cdot (1.10)^{5/2}$$
$$= 21,325.18 \cdot \sqrt{(1.1)^5}$$
$$= 21,325.18 \cdot \sqrt{1.61051}$$
$$=$$
$$21,325.18 \cdot 1.2690587$$
$$= \$27,062.91$$

∴ PLAINTIFF BROWN TO RECEIVE $27,062.91

II. PLAINTIFF DOUGLAS : DAMAGES = $1,117.37
 The value of $(1+i)^n =$ 1.0594191 where $i =$ 8% and
 $n =$ 3/4 year
 The value of $(1+i)^n =$ 1.2690587 where $i =$ 10% an
 $n =$ 2½ year

$$\therefore S = 1,117.37 \cdot 1.0594191$$
$$= 1,183.7631 \quad (after \ 9 \ months \ at \ 8\%)$$

$$S = 1,183.7631 \cdot 1.2690587 =$$
$$\$1,502.2648$$
$$\therefore PLAINTIFF \ DOUGLAS \ TO \ RECEIVE \quad \$1,502.26$$

$$\underline{III}. \ PLAINTIFF \ OSWALD: \quad DAMAGES = \$747.18$$
$$S = \$747.18 \cdot 1.0594191$$
$$= \$791.57676 \quad (after \ 9 \ months \ at \ 8\%)$$

$$S = \$791.57676 \cdot 1.2690587$$
$$= \$997.85137$$
$$\therefore PLAINTIFF \ OSWALD \ TO \ RECEIVE \quad \$997.85$$

## JUDGMENT ENTRY

In Accordance with the Memorandum Opinion and Order filed on January 16, 1985, the Court has received plaintiff's memorandum setting forth the correct measure of damages. The defendant was given fourteen (14) days to file a response but has elected not to do so.

Pursuant to the Memorandum Opinion and order filed on July 19, 1985, IT IS ORDERED that damages will be dispersed as follows: Rory Brown $27,062.91; Thomas Douglas, $1,502.26 and Michael Oswald, $997.85. (See attached Prejudgment Interest Calculations.)